UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,  :  CASE NO. 1:10-CR-204
:
       Plaintiff,  :
:
vs.  :  ORDER & OPINION
   :  [Resolving Doc. No. 50]
ANTHONY D. BERKLEY,  :
:
       Defendant.  :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this criminal case, Defendant Anthony Berkley moves the Court to dismiss the Government's indictment based on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161. [Doc. 50.] For the following reasons, the Court concludes that Berkley has failed to meet his burden of demonstrating that the Government violated the Speedy Trial Act. *See* 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting such motion [to dismiss the indictment based on a violation of the Speedy Trial Act].")

      On June 11, 2010 Defendant filed a Motion for Pre-Disposition Preparation of a Presentence Investigation Report, [Doc. 22], which the Court granted on June 17, 2010 after finding that the ends of justice would be served by the preparation of such a report:

> THE COURT: Okay, I - - it sounds like a - - and I would find that, it would be appropriate to go forward with a full preplea presentence report. Let me just ask Mr. [Berkley], do you understand you have a right to have a determination of your guilt before and preplea, presentence report is prepared?

Case No. 1:10-CR-204
Gwin, J.

> MS. HUGHES: Yes.
>
> . . .
>
> THE COURT: And do you ask this Court to order a preplea presentence report?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And I find that you've knowingly and voluntarily waived deferring the preparation of such a report and I'll order such a report. One other question. Do you also understand though that it generally takes 60 to 90 days to prepare such a report?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you - - so if I - - if I do grant your motion, it would mean that you would, you know, not come to trial for probably at least two to three months. Is that what you want to do?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. And do you waive that - - any speedy trial requirements and you believe that the ends of justice support preparation of this report to better assist you in deciding whether to enter a plea?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Well, I find again that you've knowingly and voluntarily waived the right not to have the preplea presentence reported prepared and considered and I'll order that such a report be prepared. I also have before me a motion for a continuance. I presume that that is largely mooted at this point? Is that true, Ms. Hughes?
>
> MS. HUGHES: Your Honor has resolved the issues set forth in the motion for continuance.

[Doc. 24] (transcript not on docket). Under Section 3161(h)(7)(A), such a continuance tolls the

speedy trial clock. 18 U.S.C. § 3161(h)(7)(A).

The Supreme Court has held that "when a district court grants an ends-of-justice continuance,

it must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that

Case No. 1:10-CR-204
Gwin, J.

the ends of justice are served and they outweigh other interests." *Zedner v. United States*, 547 U.S. 489, 506 (2006). Here, the record indicates that an ends of justice finding was made, and the Court explained its reasoning.

Moreover, Berkley waived any speedy trial defense. On October 5, 2010, Berkley changed his plea from not guilty to a plea of guilty. [Doc. 39] At the October 5, 2010, hearing, Berkley explicitly waived any speedy trial claim:

> THE COURT: Do you also waive any statute of limitation or speedy trial defenses if for some reason the plea is vacated, withdrawn, or reversed.
>
> THE DEFENDANT: Yes.

[Doc. 39] (transcript not on docket).

Four factors are balanced in a speedy trial analysis: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Doggett v. United States*, 505 U.S. 647, 651 (1992) (restating and applying the four-factor test in Barker ). No one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant. *Barker*, 407 U.S. at 533.

Here any delay was short. Second, the delay was caused by Berkley—first by his request for a pre-plea report and then by his plea of guilty, later withdrawn. Third, Berkley never asserted any speedy trial right, to the contrary he waived any speedy trial claim. And fourth, Berkley shows no prejudice in the short delay. After weighing these factors, the Court finds Berkley fails to show any

Case No. 1:10-CR-204
Gwin, J.

element required under *Barker*.  Accordingly, this Court **DENIES** Defendant Berkley's motion to dismiss.

   IT IS SO ORDERED.


Dated: December 29, 2010          s/  *James S. Gwin*
                   JAMES S. GWIN
                   UNITED STATES DISTRICT JUDGE